# Philadelphia Parkway. Grand Fraternity's Appeal.

*Municipalities—Eminent domain — Opening streets —Property owners—Assessment of damages—Parkway.*

The City of Philadelphia filed a petition for the appointment of a board of view to ascertain the damages or benefits to property owners within the lines of the Philadelphia Parkway and viewers were appointed who held meetings and heard testimony. Subse-

quently an ordinance of council was passed for opening the unopened portions of the parkway. A property owner, on an unopened portion of the parkway, filed a petition for the appointment of a board of view and the board was appointed. *Held,* the court properly vacated the second appointment of viewers.

Argued May 1, 1917. Appeal, No. 112, Jan. T., 1917, by Grand Fraternity, from order of Q. S. Philadelphia Co., (Road Case, Jan. T., 1917, No. 3), vacating appointment of viewers and quashing petition in the matter of opening of Philadelphia Parkway from City Hall to Fairmount Park. Before BROWN, C. J., MESTREZAT, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

The facts appear in the following opinion by DAVIS, J., on motion to quash the petition:

This is a motion on behalf of the City of Philadelphia to quash the petition presented by The Grand Fraternity for the appointment of viewers to assess damages for the taking of property on the unopened portions of the Parkway from City Hall to Fairmount Park.

On the 29th day of June, 1916, the City of Philadelphia presented a petition for the appointment of viewers to assess damages by reason of the opening of the unopened portions of the Parkway. On July 24, 1916, select and common councils passed an ordinance authorizing the opening of the unopened portions of the Parkway. On the 26th day of January, 1917, upon the petition of The Grand Fraternity, the owner of property on the south side of Arch street, 173 feet 3 inches west of Board street, viewers were appointed to assess damages under the provisions of this ordinance. The City of Philadelphia moves to quash this last petition, contending that The Grand Fraternity should present its claim before the viewers appointed on June 29, 1916. By Act of April 21, 1855 (P. L. 266), councils by ordinance are authorized to order any street on the city plan to be opened, whereupon the owners whose ground has

been taken may petition the Court of Quarter Sessions for viewers to assess damages. The Act of May 8, 1876 (P. L. 138), gives authority to the city to present a petition for the appointment of viewers to assess damages whenever the proper authorities have directed "in the manner provided for by law" the opening or widening of any street upon the city plan. The Grand Fraternity contends that the petition filed by the city on June 29, 1916, was prior to the ordinance of July 24, 1916, and before notice of an intention to take the property had been served as required by the Act of Assembly of April 21, 1855.

In the case of Philadelphia Parkway, 250 Pa. 257, the Supreme Court held that by numerous ordinances to open portions of the parkway as plotted, and by the condemnation and purchase under which the city had acquired title to the various properties within the limits of the parkway, the city became committed to the improvement. Commenting upon 'the acts of the city, the court said: "The facts show that appellant has suffered grievous injury and should be compensated. If so why not now? The only answer is that the city has not formally ordered the opening and, therefore, there has been no taking within the meaning of the law. Our reply has already been indicated. What the city has done is equivalent to notice that the parkway will be opened and that the lands required for this purpose will be taken under the power of eminent domain unless otherwise acquired. Indeed, as we view it, the city has committed itself to the opening by a series of acts more expressive of fixed purpose than could be indicated by a resolution to open without anything more." It is contended on behalf of the Grand Fraternity that there is no power to appoint a jury upon the petition of the City of Philadelphia, unless the opening has been made in the manner provided by law. This same contention was made on behalf of the city in the case of the Philadelphia Parkway (supra). Upon that point the Supreme Court

held: "The city has committed itself to this improvement by its acts just as much as if councils had declared their intention of passing an ordinance to open. We consider what has been done as the equivalent of notice to the property owners that their lands would be appropriated for parkway purposes and that their possession was about to be disturbed." It is also contended that the petitioner in the case of the Philadelphia Parkway (supra) set up facts which satisfied the court that the injury it had sustained amounted to a taking. No such allegation was made in this case on behalf of the Grand Fraternity, although its property is within the limits of the parkway. It is a fact known to this court that since the decision of the Supreme Court a number of petitions have been presented by owners of individual properties and viewers have been appointed to assess damages. Counsel for the Grand Fraternity contends that until the property owner elects to assert that he has been damaged there can be no viewers appointed to assess damages; that, the City of Philadelphia having passed an ordinance in July, 1916, to take the property, the time had then arrived when, willing or unwilling, the owner of this real estate must surrender it, and, therefore, it was entitled to have a jury appointed, and it was not obliged to present its claims before the viewers appointed upon the petition of the city in June, 1916. If this argument is sound, had there been no ordinance passed in July, 1916, the Grand Fraternity would have been in a position to hold its property and present no claim for damages, if it so elected. Property owners on all sides might have presented claims before viewers appointed under petitions presented by them and the city might have taken possession of the properties after damages were assessed and paid, and might have opened the avenue on all sides of this particular piece of real estate and would have been powerless to remove it until the adoption of an ordinance to open. Under the decision of the Supreme Court in the parkway case this would

have been an absurdity.   As we have said, in that case the court held that the municipality had committed itself to the opening and had done those things which amount to the same as a formal opening by ordinance. It was not an opening as to one property to the exclusion of another.

We are of opinion, therefore, that the municipality in June, 1916, had as much right to present its petition for the assessment of damages as any property owner, and for the purpose of avoiding a multiplicity of individual proceedings, its petition to assess damages in all cases remaining unsettled was lawful.   It follows that the appointment of viewers under the petition of the Grand Fraternity was improvidently made and should be quashed.   It is so ordered.

The court accordingly entered a decree quashing the petition.   The Grand Fraternity appealed.

*Error assigned* was the action of the court.

*Joseph P. McCullen,* for appellants.

*John P. Connelly,* City Solicitor, with him *O. Charles Brodersen* and *Louis Hutt,* Assistant City Solicitors, for appellee.

PER CURIAM, May 14, 1917:

Four of the members of the court who heard this appeal being of opinion that the appointment of viewers was properly vacated, under Philadelphia Parkway, 250 Pa. 257, the order of the court below is affirmed, at appellant's costs.